UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRP FUND V, LLC, | Case No. 2:22-CV-830 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Bank of America, N.A. ("BANA")'s motion to dismiss complaint. (ECF No. 23). Plaintiff TRP Fund V, LLC ("TRP") filed a response (ECF No. 24), to which BANA replied (ECF No. 25).

Also before the court is defendant National Default Servicing Corporation ("NDSC")'s motion to dismiss complaint, to which BANA joins. (ECF No. 6, *see* ECF No. 23). TRP filed a response. (ECF No. 11). NDSC replied. (ECF No. 15).

**I.    INTRODUCTION**

This matter arises from the pending foreclosure of 10342 Hanky Panky Street, Las Vegas, Nevada, 89131, APN # 125-04-111-053 (the "property"). In 2009, individuals purchased the property with a loan secured by a deed of trust and promissory note (the "note") (collectively, the "deed of trust"). The deed of trust was assigned to BANA in 2012, and in 2013, BANA substituted NDSC as the trustee under the deed of trust. The property was foreclosed in 2014 pursuant to a homeowners' association lien. At that foreclosure sale, a third party acquired the property and later quitclaimed it to TRP in 2015. TRP is the record owner of the property.

BANA initiated litigation in 2016 against TRP seeking declaratory judgment that the deed of trust still encumbered the property (the "prior litigation"). In the prior litigation, this court granted summary judgment in favor of BANA finding that the deed of trust remained a

**James C. Mahan**
**U.S. District Judge**

valid encumbrance against title to the property. In January 2022, NDSC began foreclosure proceedings by recording a notice of default and election to sell under deed of trust against the property.

Evidence of the foregoing is public record, which the court takes judicial notice of at NDSC's request. (*See* ECF No. 6).

TRP seeks to avoid the pending foreclosure. Its complaint titles four claims for relief against both BANA and NDSC: wrongful foreclosure, wrongful foreclosure/chain of title, wrongful foreclosure – lack of unity, and declaratory relief/quiet title. TRP's responses to the instant motions, however, clarify that "TRP is not asserting the 'tort of wrongful foreclosure' in this case" and that "TRP is not seeking quiet title to the [p]roperty…TRP only seeks declaratory relief." (ECF Nos. 11, 24). Thus, the court addresses only TRP's claim for declaratory relief.

Specifically, TRP seeks "declaratory judgment from this [c]ourt finding that (1) pending foreclosure on the [p]roperty is void for [d]efendants [sic] failure to comply with NRS 107; (2) that the foreclosure not be had; and (3) that BANA produce the original 'wet ink' version of the [n]ote or the custodial written agreement of the entity currently in actual, physical possession of the note." (ECF No. 6-1).

## II.  LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

James C. Mahan
U.S. District Judge

- 2 -

truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

. . .
. . .
. . .
. . .
. . .
. . .
. . .

James C. Mahan
U.S. District Judge

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

### III.  DISCUSSION

In support of its claim for declaratory relief, TRP alleges (1) BANA did not have authority to prepare and execute the affidavit of authority required to execute the foreclosure sale pursuant to NRS 107.805(2); (2) the chain of title is ambiguous because the original note has not been presented for TRP's review; and (3) without the note, unity of interest between BANA and NDSC cannot be demonstrated and thus foreclosure cannot proceed under NRS 106, 107, 110, and 111.

Nevada Revised Statute ("NRS") 107.0805(1)(b) governs the requirements of the affidavit of authority, and it explicitly authorizes the "beneficiary, the successor in interest of the beneficiary, or the trustee" of the deed of trust to execute the affidavit of authority required for non-judicial foreclosure. TRP points to several adjacent, ancillary statutes relating to trustees of a deed of trust, but none are on point here. NRS 107.028 governs who may serve as a trustee and limitations of a trustee's power, and NRS 107.080 governs a trustee's power of sale. Only NRS 107.0805 directly governs who many execute an affidavit of authority, and it expressly authorizes a beneficiary to do so. Thus, BANA was authorized to execute the affidavit of authority, and TRP's argument to the contrary fails.

Further, TRP's show-me-the-note argument claiming that NDSC and BANA may not foreclose on the property without proffering the original promissory note has been "resoundingly rejected" by courts in Nevada. *See Juntilla v. RESI Home Loans IV, LLC,* No. 2:12-cv-00790-MMD-PAL, 2013 WL 1819636, at *1 (D. Nev. Apr. 29, 2013). "Although possession of the original promissory note is generally required to enforce the note, *see* NRS 104.3301, no such requirement exists to foreclose on a deed of trust. Rather, the authority to foreclose on a deed of trust is established by the deed of trust or an assignment thereof." *Wilmington Sav. Fund Soc'y*

**James C. Mahan**
**U.S. District Judge**

- 4 -

*FSB as Tr. for Hilldale Tr. v. Deaver*, 486 P.3d 710 (Nev. 2021) (*citing Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) ("To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing.")); *see also* NRS 107.0805(1)(b) (providing that an entity seeking to foreclose must only attest that it is the holder of the promissory note and "the current beneficiary of record").  Thus, TRP's requests for declaratory judgment fail as a matter of law and are DISMISSED.

Though the complaint has not been repeatedly amended to cure deficiencies, any amendment thereto would be futile.  TRP has not asserted—nor can it given, in part, the extensive precedent in Nevada permitting foreclosures even when the deed of trust and note are "split"—any viable legal reason why the pending foreclosure on the property cannot be executed pursuant to the deed of trust.  Thus, TRP is not granted leave to amend.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion to dismiss (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that NDSC's motion to dismiss and expunge lis pendens (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that TRP's complaint (ECF No. 6-1) be DISMISSED with prejudice.

IT IS FURTHER ORDERED that the lis pendens encumbering 10342 Hanky Panky Street, Las Vegas, Nevada, 89131, APN # 125-04-111-053 shall be EXPUNGED.

The clerk of the court is instructed to close this case.

DATED March 2, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**